**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JAY RUDY,**

                         **Plaintiff,**

    vs.                                                9:10-cv-370
                                                          (MAD/DEP)

**AUBURN CORRECTIONAL FACILITY; N.**
**O'CONNOR-RYERSON, Medical, Auburn Correctional**
**Facility; and DANIEL BERNS, Psychiatric, Auburn**
**Correctional Facility,**

                        **Defendants.**
_____

**APPEARANCES:**                                    **OF COUNSEL:**

**JAY RUDY**
**09A4865**
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**                **RICHARD LOMBARDO, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for defendants

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

      Plaintiff *pro se*, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), brings this action pursuant to 42 U.S.C. § 1983, alleging that defendants violated his rights under the Eighth Amendment of the United States Constitution. Specifically, from what the Court can gather from the complaint, plaintiff appears to allege that prison officials failed to provide him with what he deems to be proper medical care. *See* Dkt. No. 1. Although plaintiff appears currently to be confined elsewhere, at

the times relevant to his claims, plaintiff was confined at the Auburn Correctional Facility ("Auburn"), located in Auburn, New York. *See id.*

On August 9, 2011, Magistrate Judge Peebles issued a Report and Recommendation in which he recommended that the Court grant defendants' motion to dismiss the complaint, "with leave to replead with respect to [plaintiff's] Eighth Amendment deliberate indifference claim, but without leave to replead insofar as he seeks damages against the Auburn Correctional Facility[.]" *See* Dkt. No. 40 at 19. Moreover, Magistrate Judge Peebles recommended that the Court dismiss as moot plaintiff's request for injunctive relief in the form of an order directing his transfer out of Auburn. *See id.* at 14-15. Finally, Magistrate Judge Peebles recommended that the Court hold that Auburn enjoys immunity from suit for monetary damages under the Eleventh Amendment. *See id.* at 13-14. Neither party objected to Magistrate Judge Peebles' August 9, 2011 Report and Recommendation.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). When a party fails to make specific objections, however, the court reviews the magistrate judge's report for clear error. *See Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008); *see also Gamble v. Barnhart*, No. 02CV1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004) (citations omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Having reviewed Magistrate Judge Peebles' August 9, 2011 Report and Recommendation and the applicable law, the Court concludes that Magistrate Judge Peebles correctly determined that the Court should dismiss plaintiff's complaint, with leave to replead his deliberate indifference claim, but without leave to replead his claim for damages against Auburn

Correctional Facility or his request for injunctive relief seeking a transfer from Auburn Correctional Facility.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Peebles' August 9, 2011 Report and Recommendation is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that defendants' motion to dismiss is **GRANTED**; and the Court further

**ORDERS** that plaintiff may file an amended complaint within **THIRTY (30) DAYS** of the date of this Order;[1] and the Court further

**ORDERS** that, if plaintiff fails to file an amended complaint within **THIRTY (30) DAYS** of the date of this Order, the Clerk of the Court shall enter judgment dismissing this action without further order of this Court; and the Court further;

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in compliance with the Local Rules.[2]

**IT IS SO ORDERED.**

Dated: August 31, 2011
       Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[1] As set forth in Magistrate Judge Peebles' Report and Recommendation, the Court is only granting plaintiff leave to replead his Eighth Amendment deliberate indifference claim.

[2] As Magistrate Judge Peebles discussed, the address currently listed on the Court's docket sheet, showing that plaintiff is presently confined in the Great Meadow Correctional Facility, comes from a change of address notice filed by plaintiff on September 23, 2010. *See* Dkt. No. 32. According to publically available information located upon a web site maintained by the DOCCS, however, it appears that plaintiff is now incarcerated at the Elmira Correctional Facility, located in Elmira, New York. Accordingly, the Clerk is directed to mail copies of this Order to plaintiff at both facilities. If plaintiff was, in fact, transferred but has failed to notify the Court, he is reminded of his obligation under the Court's Local Rules to notify the Court and defendants' counsel promptly of all address changes. *See* N.D.N.Y.L.R. 10.1(c)(2).